**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ERICA L. KIMMONS
531 Huron Dr. W. Apt. B
Heath, OH 43056,

          Plaintiff,

v.

KIA AMERICA, INC.
(formerly known as Kia Motors America,
Inc.)
111 Peters Canyon Road
Irvine, CA 92606
    <u>Service of Process</u>
    CT Corporation System
    4400 Easton Commons Way, Suite 125
    Columbus, OH 43219

          Defendant.

Case No. 2:25-cv-00573-ALM-EPD
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

---

## <u>KIA AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Kia America, Inc. ("KA"), by and through its counsel Dykema Gossett PLLC, for its Answer to Plaintiff's Complaint, states as follows.

### <u>GENERAL DENIAL</u>

Kia America, Inc. denies each and every allegation of Plaintiff's Complaint, except as specifically admitted, answered, or otherwise qualified herein.

1. This Complaint is brought pursuant to the Ohio Products Liability Act, Ohio Revised Code § 2307.71 through § 2307.80, et seq., Ohio Commercial Code, Ohio Revised Code § 1302.26-1302.27, and the Ohio Consumer Sales Practices Act, Ohio Rev. Code §§

1345.01 to 1345.99, for personal injuries sustained by Plaintiff arising from defects in a 2017 Kia Soul vehicle designed, manufactured, marketed, distributed, and sold by Defendant.

**ANSWER:** KA denies that the 2017 Kia Soul is defective. KA further denies that it designs, manufactures or sells motor vehicles and related equipment, and specifically denies that it designed or manufactured the subject 2017 Kia Soul Subject Vehicle. KA admits that it markets KA vehicles in the United States. KA denies any inconsistent allegations contained in this paragraph. The remaining allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, KA denies the allegations in Paragraph 1 of the Complaint.

2. Plaintiff Erica L. Kimmons (hereafter "Plaintiff") is, and at all relevant times was, a citizen and resident of Heath, Licking County, Ohio, residing at 531 Huron Dr. W. Apt. B, Heath, OH 43056.

**ANSWER:** KA is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint, and on that basis demands proof thereof.

3. Defendant Kia America, Inc. (formerly known as Kia Motors America, Inc.) (hereafter "Defendant" or "Kia") is, and at all relevant times was, a foreign corporation organized and existing under the laws of California, with its principal place of business at 111 Peters Canyon Road, Irvine, CA 92606.

**ANSWER:** KA denies that it is a foreign corporation. KA admits the remaining allegations in Paragraph 3 of the Complaint.

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as this

2

is a civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, KA denies the allegations in Paragraph 4 of the Complaint.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred within this judicial district.

**ANSWER:** The allegations in Paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, KA denies the allegations in Paragraph 5 of the Complaint.

6. At all times relevant to this Complaint, Defendant designed, manufactured, tested, marketed, distributed, and sold the 2017 Kia Soul vehicle, VIN KNDJP3A50H7461505 (hereafter "Subject Vehicle"), either directly or indirectly, to customers throughout the United States, including to Plaintiff in the state of Ohio.

**ANSWER:** KA admits that it is a California corporation that distributes Kia motor vehicles to authorized Kia dealerships in the United States, which are independent businesses and separate entities from KA. KA further admits that it markets Kia vehicles in the United States. KA denies that it designs, manufactures or sells motor vehicles and related equipment, and specifically denies that it designed or manufactured the subject 2017 Kia Soul Subject Vehicle. KA denies any inconsistent allegations contained in this paragraph. KA denies the remaining allegations in Paragraph 6 of the Complaint.

7. Plaintiff purchased the Subject Vehicle used from a Honda dealership in

3

2021. The Subject Vehicle was equipped with a defective gear shift mechanism that allowed the vehicle to roll despite appearing to be properly placed in the "Park" position.

**ANSWER:** KA denies that the Subject 2017 Kia Soul is defective. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and on that basis demands proof thereof.

8. The defect in the Subject Vehicle's gear shift mechanism was substantially similar to a defect that led to the recall of 2015-2016 Kia Soul electric vehicles, demonstrating Defendant's prior knowledge of the dangerous condition.

**ANSWER:** KA admits that certain recalls were issued for the 2015-2016 Kia Soul electric vehicles. KA denies the remaining allegations in Paragraph 8 of the Complaint.

9. On May 28, 2023, at approximately 4:40 PM, Plaintiff was operating the Subject Vehicle while making deliveries for DoorDash in Newark, Ohio. After stopping at 1372 Countryside Dr, Newark, OH, Plaintiff exited the vehicle believing it was securely in the "Park" position.

**ANSWER:** KA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis demands proof thereof.

10. After exiting the Subject Vehicle, Plaintiff walked to the rear and opened the vehicle's hatchback to retrieve the food Plaintiff was delivering. While doing so, Plaintiff heard a noise and walked back to the driver's side to investigate. Before she was able to enter the Subject Vehicle, it began to roll backward. The Subject Vehicle's door struck

4

Plaintiff and subsequently ran over her. The Subject Vehicle continued rolling until it struck two other vehicles and came to a rest.

**ANSWER:** KA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and on that basis demands proof thereof.

11. As a direct and proximate result of the defective gear shift mechanism, Plaintiff suffered severe and permanent injuries including, but not limited to: scattered pneumocephalus, nondisplaced right temporal and sphenoid skull fracture, bilateral mastoid fractures, right hemotympanum, left temporal intraparenchymal hemorrhage, scalp hematoma, right shoulder abrasion, and multiple scattered abrasions and bruising.

**ANSWER:** KA denies that the Subject 2017 Kia Soul is defective. KA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint, and on that basis demands proof thereof.

12. Following the incident, Plaintiff required extensive medical treatment including emergency transport, trauma care, hospitalization, and ongoing rehabilitation. Plaintiff continues to suffer from post-concussive syndrome, memory and concentration issues, visual disturbances, hearing problems, balance issues, and other serious medical conditions that have prevented her from returning to work.

**ANSWER:** KA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis demands proof thereof.

5

13.     Prior to this incident, Defendant had actual knowledge of the defective nature of the gear shift mechanism in its Kia Soul vehicles, as evidenced by similar incidents, complaints, and the previous recall of Soul electric vehicles for substantially similar defects.

**ANSWER:**     KA admits that certain recalls were issued for the 2015-2016 Kia Soul electric vehicles. KA denies the remaining allegations in Paragraph 13 of the Complaint.

14.     The incident was partially captured on Ring cameras, and subsequent investigation by Kia's own technical analyst documented the vehicle's ability to roll while appearing to be in the "Park" position.

**ANSWER:**     KA is without knowledge or information sufficient to form a belief as to the truth of whether the incident was captured on Ring Cameras. KA admits that it conducted an initial inspection of the Subject Vehicle on approximately December 13, 2023. However, Plaintiff denied KA the opportunity to complete a second in-depth inspection. KA denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     As a result of Defendant's conduct, Plaintiff has incurred substantial medical expenses exceeding $55,000, including emergency transport, trauma care, hospitalization, imaging studies, and ongoing rehabilitation services. These medical expenses continue to accrue as Plaintiff requires ongoing treatment.

**ANSWER:**     KA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and on that basis demands proof thereof.

16.     Additionally, Plaintiff has been unable to operate her cleaning business or work as a DoorDash driver since the incident, resulting in significant lost income and diminished earning capacity that will continue into the indefinite future.

**ANSWER:**     KA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis demands proof thereof.

17.     The defective condition of the Subject Vehicle and Defendant's conduct as described herein have caused Plaintiff to suffer severe physical injuries, emotional distress, loss of enjoyment of life, lost wages, medical expenses, and other damages, all of which will continue into the indefinite future.

**ANSWER:**     KA denies the allegations in Paragraph 17 of the Complaint.

## CAUSES OF ACTION

### COUNT I: STRICT LIABILITY - MANUFACTURING DEFECT
### (Ohio Rev. Code § 2307.74)

18.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**     In response to Paragraph 18 of the Complaint, KA restates and incorporates by reference its answers to all preceding paragraphs of this Complaint as if fully set forth herein.

19.     At all relevant times, Defendant designed, manufactured, tested, marketed, distributed, and sold the 2017 Kia Soul vehicle that is the subject of this litigation.

**ANSWER:** KA admits that it is a California corporation that distributes KA motor vehicles to authorized KA dealerships in the United States, which are independent businesses and separate entities from KA. KA further admits that it markets KA vehicles in the United States. KA denies that it designs, manufactures or sells motor vehicles and related equipment, and specifically denies that it designed or manufactured the subject 2017 Kia Soul Subject Vehicle. KA denies any inconsistent allegations contained in this paragraph. KA denies any inconsistent allegations contained in this paragraph. KA denies the remaining allegations in Paragraph 19 of the Complaint.

20. The Subject Vehicle was defective in its manufacture when it left Defendant's control in that its gear shift mechanism deviated in a material way from Defendant's design specifications, formula, and performance standards.

**ANSWER:** KA denies the allegations in Paragraph 20 of the Complaint.

21. The defective condition of the Subject Vehicle's gear shift mechanism allowed the vehicle to roll despite appearing to be properly placed in the "Park" position, creating an unreasonably dangerous condition.

**ANSWER:** KA denies the allegations in Paragraph 21 of the Complaint.

22. The manufacturing defect in the Subject Vehicle's gear shift mechanism was substantially similar to a defect that led to the recall of 2015-2016 Kia Soul electric vehicles, demonstrating the existence of a known manufacturing deviation.

**ANSWER:** KA admits that certain recalls were issued for the 2015-2016 Kia Soul electric vehicles. KA denies the remaining allegations in Paragraph 22 of the Complaint.

23. The defective condition of the Subject Vehicle existed at the time it left

Defendant's control and reached Plaintiff without substantial change in its condition.

**ANSWER:** KA denies the allegations in Paragraph 23 of the Complaint.

24. As a direct and proximate result of the manufacturing defect, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

**ANSWER:** KA denies the allegations in Paragraph 24 of the Complaint.

## COUNT II: STRICT LIABILITY - DESIGN DEFECT
### (Ohio Rev. Code § 2307.75)

25. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** In response to Paragraph 25 of the Complaint, KA restates and incorporates by reference its answers to all preceding paragraphs of this Complaint as if fully set forth herein.

26. The Subject Vehicle was defective in design in that when it left Defendant's control, the foreseeable risks associated with its design exceeded the benefits associated with that design.

**ANSWER:** KA denies the allegations in Paragraph 26 of the Complaint.

27. The gear shift mechanism design was defective because:

    a. It failed to prevent vehicle movement when the gear shift appeared to be in the "Park" position;

    b. It lacked adequate safety mechanisms to ensure the vehicle remained stationary when in "Park";

    c. It failed to provide adequate visual or auditory warnings when the vehicle was not securely in "Park";

9

> d.    Alternative designs were available that would have prevented unintended vehicle movement.

**ANSWER:**    KA denies the allegations in Paragraph 27 of the Complaint, including subparts (a)-(d).

28.    The defective design of the Subject Vehicle's gear shift mechanism created an unreasonable risk of harm to users and bystanders.

**ANSWER:**    KA denies the allegations in Paragraph 28 of the Complaint.

29.    At the time the Subject Vehicle left Defendant's control, there existed economically and technologically feasible alternative designs that would have prevented the type of incident that occurred.

**ANSWER:**    KA denies the allegations in Paragraph 29 of the Complaint.

30.    As a direct and proximate result of the design defect, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

**ANSWER:**    KA denies the allegations in Paragraph 30 of the Complaint.

### COUNT III: STRICT LIABILITY - FAILURE TO WARN
### (Ohio Rev. Code § 2307.76)

31.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**    In response to Paragraph 31 of the Complaint, KA restates and incorporates by reference its answers to all preceding paragraphs of this Complaint as if fully set forth herein.

10

32. The Subject Vehicle was defective due to inadequate warning or instruction because Defendant knew or should have known about the risk of unintended vehicle movement when the gear shift appeared to be in the "Park" position.

**ANSWER:** KA denies the allegations in Paragraph 32 of the Complaint.

33. Defendant failed to provide adequate warnings or instructions regarding:

a. The risk of vehicle movement when the gear shift appeared to be in "Park";

b. The need for additional safety measures to ensure the vehicle remained stationary;

c. The proper procedure for confirming the vehicle was securely in "Park";

d. The existence of similar incidents and a recall of similar vehicles.

**ANSWER:** KA denies the allegations in Paragraph 49 of the Complaint., including subparts (a)-(d).

34. The lack of adequate warnings rendered the Subject Vehicle unreasonably dangerous for its intended use.

**ANSWER:** KA denies the allegations in Paragraph 34 of the Complaint.

35. Had Defendant provided adequate warnings, Plaintiff would have been alerted to the danger and would have taken additional precautions to prevent the incident.

**ANSWER:** KA is without knowledge or information sufficient to form a belief as to Plaintiff's actions alleged in Paragraph 35 of the Complaint, and on that basis demands proof thereof. KA denies the remaining allegations in Paragraph 35 of the Complaint.

36. As a direct and proximate result of Defendant's failure to warn, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking

11

her with the door and subsequently running her over.

**ANSWER:** KA denies the allegations in Paragraph 36 of the Complaint.

## COUNT IV: BREACH OF EXPRESS WARRANTY

### (Ohio Rev. Code § 1302.26)

37. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:** In response to Paragraph 37 of the Complaint, KA restates and incorporates by reference its answers to all preceding paragraphs of this Complaint as if fully set forth herein.

38. Defendant expressly warranted that the Subject Vehicle was safe, of merchantable quality, and fit for its ordinary and intended purpose.

**ANSWER:** KA admits that at the time of initial distribution of a new 2017 Kia Soul, there is issued a limited written express warranty containing various terms, limitations, and exclusions which speak for themselves and KA denies any inconsistent allegations contained in this paragraph.

39. Defendant breached these express warranties in that the Subject Vehicle's gear shift mechanism was defective, unsafe, and unfit for its intended purpose.

**ANSWER:** KA denies the allegations in Paragraph 39 of the Complaint.

40. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

**ANSWER:** KA denies the allegations in Paragraph 40 of the Complaint.

12

## COUNT V: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Ohio Rev. Code § 1302.27)

41.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**    In response to Paragraph 41 of the Complaint, KA restates and incorporates by reference its answers to all preceding paragraphs of this Complaint as if fully set forth herein.

42.    At the time the Subject Vehicle left Defendant's control, Defendant impliedly warranted that it was merchantable, fit for its ordinary purpose, and would perform safely and as intended.

**ANSWER:**  KA admits that at the time of initial distribution of a new 2017 Kia Soul, there is issued a limited written express warranty containing various terms, limitations, and exclusions which speak for themselves and KA denies any inconsistent allegations contained in this paragraph.

43.    The Subject Vehicle was not merchantable or fit for its ordinary purpose because its gear shift mechanism was defective and created an unreasonable risk of unintended vehicle movement.

**ANSWER:**    KA denies the allegations in Paragraph 43 of the Complaint.

44.    As a direct and proximate result of Defendant's breach of implied warranties, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

**ANSWER:**    KA denies the allegations in Paragraph 44 of the Complaint.

13

## COUNT VI: VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

### (Ohio Rev. Code §§ 1345.01 to 1345.99)

45.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**     In response to Paragraph 45 of the Complaint, KA restates and incorporates by reference its answers to all preceding paragraphs of this Complaint as if fully set forth herein.

46.     Defendant engaged in unfair, deceptive, or unconscionable acts or practices in connection with the sale of the subject vehicle to Plaintiff, and/or others who then sold the subject vehicle to Plaintiff, knowing it would end up in the hands of a second or third owner, in violation of the Ohio Consumer Sales Practices Act (CSPA), Ohio Revised Code §§ 1345.01 to 1345.99.

**ANSWER:**     KA denies the allegations in Paragraph 46 of the Complaint.

47.     The Subject Vehicle was equipped with a defective gear shift mechanism that allowed the vehicle to roll despite appearing to be properly placed in the "Park" position, which constitutes an unfair or deceptive act under the CSPA.

**ANSWER:**     KA denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant had prior knowledge of the defective nature of the gear shift mechanism, as evidenced by similar incidents, complaints, and the previous recall of Soul electric vehicles for substantially similar defects yet failed to disclose this information to Plaintiff and/or preceding owners.

**ANSWER:**      KA denies the allegations in Paragraph 48 of the Complaint.

49.      Defendant failed to remedy the defect or provide adequate warnings to consumers, including Plaintiff, regarding the risk of unintended vehicle movement, thereby engaging in unconscionable acts or practices.

**ANSWER:**      KA denies the allegations in Paragraph 49 of the Complaint.

50.      As a direct and proximate result of Defendant's unfair, deceptive, or unconscionable acts or practices, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

**ANSWER:**      KA denies the allegations in Paragraph 50 of the Complaint.

51.      Pursuant to Ohio Revised Code § 1345.09, Plaintiff is entitled to recover treble damages, attorneys' fees, and other remedies available under the CSPA due to Defendant's willful violation of the Act.

**ANSWER:**      The allegations in Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, KA denies the allegations in Paragraph 51 of the Complaint.

### COUNT VII: PUNITIVE DAMAGES

49.      [SIC] Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**      In response to Paragraph 49 of the Complaint, KA restates and incorporates by reference its answers to all preceding paragraphs of this Complaint as if fully set forth herein.

15

50. Defendant knew of the defective condition of its vehicles' gear shift mechanisms, as evidenced by similar incidents and the recall of 2015-2016 Soul electric vehicles for substantially similar defects.

**ANSWER:** KA denies the allegations in Paragraph 50 of the Complaint.

51. Despite this knowledge, Defendant consciously and deliberately failed to take reasonable steps to prevent injury to consumers, including Plaintiff.

**ANSWER:** KA denies the allegations in Paragraph 51 of the Complaint.

52. Defendant's conduct as described herein demonstrates malice, aggravated or egregious fraud, oppression, and/or willful and wanton misconduct pursuant to Ohio Revised Code § 2315.21.

**ANSWER:** KA denies the allegations in Paragraph 52 of the Complaint.

53. Defendant's conduct as described herein demonstrates misconduct of the manufacturer or supplier that manifested a flagrant disregard of the safety of persons who might be harmed by the product pursuant to Ohio Revised Code § 2307.80.

**ANSWER:** KA denies the allegations in Paragraph 53 of the Complaint.

54. Defendant's conscious disregard for the rights and safety of others warrants the imposition of punitive damages pursuant to Ohio Revised Codes § 2315.21 and/or § 2307.80.

**ANSWER:** KA denies the allegations in Paragraph 54 of the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Alleges that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

16

2. Alleges that the alleged defects in the subject vehicle, if any, do not substantially impair its use, market value, or safety.

3. Alleges that KA has completely performed and fulfilled all of its obligations under and pursuant to the only warranty of any kind, either express or implied, written or oral, which it or anyone acting on its behalf has made with respect to the subject vehicle or any of its component parts referred to in the Complaint. This limited written express warranty was provided to the original consumer, purchaser or lessee, at the time of the initial retail sale or lease of the subject vehicle, and this document speaks for itself.

4. Alleges that Plaintiff's damages, if any, were caused by misuse, abuse, neglect, failure to provide reasonable and necessary maintenance, unauthorized alteration or modification of the subject vehicle.

5. Alleges that Plaintiff's damages, if any, were caused by the acts or omissions of third-parties or other entities, for which KA has or had no control, or right of control, and for whom it is not responsible.

6. States that no Kia-authorized selling or servicing dealership is an agent of KA, and therefore any alleged representations, acts and/or sales practices of the dealership are not attributable to KA.

7. To the extent the following affirmative defenses are applicable, based upon the evidence known in this matter or may be determined in the future, and to preserve the same, KA invokes the following defenses of accord and satisfaction, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, waiver, equitable estoppel, judicial estoppel, failure of consideration, fraud, illegality, injury by fellow

17

servant, laches, license, payment, release, *res judicata*, collateral estoppel, statute of frauds, any applicable statute of limitations or repose, and any other matter constituting an avoidance or affirmative defense.

8.      KA reserves the right to add additional affirmative defenses, as discovery is ongoing.

**RELIANCE ON JURY DEMAND**

Defendant Kia America, Inc. relies on the Jury Demand filed by Plaintiff in the above matter.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Kia America, Inc., prays for judgment dismissing the Complaint with prejudice and awarding its costs and disbursements herein.

Dated: July 17, 2025                By:  */s/ Clay A. Guise*
                                     Clay A. Guise (0062121)
                                     39577 Woodward Ave. #300
                                     Bloomfield Hills, MI 48304
                                     (248) 203-0797
                                     cguise@dykema.com
                                     *Attorneys for Defendant Kia America, Inc.*

**PROOF OF SERVICE**

I hereby certify that on July 17, 2025, I caused the foregoing paper to be filed with the Clerk of the Court using the Court's electronic filing system which will forward a copy via e-mail to all counsel of record.

*/s/ Clay A. Guise*
Clay A. Guise (0062121)
Dykema Gossett PLLC