**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ERICA L. KIMMONS                                          :
531 Huron Dr W. Apt B                                     :
Heath, OH 43056,                                         :
                                                         :  Case No. 2:25-cv-00573
              Plaintiff,                                  :
                                                         :  Judge Algenon L. Marbley
       v.                                                :
                                                         :  Magistrate Judge Elizabeth P.
KIA AMERICA, INC.                                        :  Deavers
(Formerly known as Kia Motors America, Inc.)             :
111 Peters Canyon Road                                   :
Irvine, CA 92606                                         :
       <u>Service of Process</u>                         :
       CT Corporation System                             :
       4400 Easton Commons Way, Suite 125                :
       Columbus, OH 43219,                               :
                                                         :
                                                         :
       and                                               :
                                                         :
                                                         :
OHIO DEPARTMENT OF MEDICAID                              :
50 West Town Street, Suite 400                           :
Columbus, OH 43215,                                      :
                                                         :
              Defendants.                                 :

**FIRST AMENDED COMPLAINT**
**(PRODUCT LIABILITY - JURY DEMAND ENDORSED HEREON)**

**INTRODUCTION & BACKGROUND**

1.   This Complaint is brought pursuant to the Ohio Products Liability Act, <u>Ohio Revised Code §</u> <u>2307.71</u> through § 2307.80, et seq., Ohio Commercial Code, <u>Ohio Revised Code § 1302.26-</u> <u>1302.27</u>, and the Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01 to 1345.99, for personal injuries sustained by Plaintiff arising from defects in a 2017 Kia Soul vehicle designed, manufactured, marketed, distributed, and sold by Defendant Kia America, Inc.

2.   Plaintiff Erica L. Kimmons (hereafter "Plaintiff") is, and at all relevant times was, a citizen and

*Kimbrough v. Kia America, Inc. et al*
FIRST AMENDED COMPLAINT
Page 2 of 11

resident of Heath, Licking County, Ohio, residing at 531 Huron Dr. W. Apt. B, Heath, OH 43056.

3. Defendant Kia America, Inc. (formerly known as Kia Motors America, Inc.) (hereafter "Defendant Kia" or "Kia") is, and at all relevant times was, a foreign corporation organized and existing under the laws of California, with its principal place of business at 111 Peters Canyon Road, Irvine, CA 92606.

4. Defendant Ohio Department of Medicaid (hereafter "Medicaid") is, and at all times relevant was, an agency of the State of Ohio with offices at 50 West Town Street, Suite 400, Columbus, Ohio 43215. Medicaid has or may have an interest relating to the subject of this action as an assignor, assignee, subrogor, or subrogee.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as this is a civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred within this judicial district.

7. At all times relevant to this Complaint, Defendant Kia designed, manufactured, tested, marketed, distributed, and sold the 2017 Kia Soul vehicle, VIN KNDJP3A50H7461505 (hereafter "Subject Vehicle"), either directly or indirectly, to customers throughout the United States, including to Plaintiff in the state of Ohio.

8. Plaintiff purchased the Subject Vehicle used from a Honda dealership in 2021. The Subject Vehicle was equipped with, among other defects, a defective gear shift mechanism that allowed the vehicle to roll despite being placed in the "Park" position.

9. On May 28, 2023, at approximately 4:40 PM, Plaintiff was operating the Subject Vehicle while

Kimball v. Kia America, Inc., et al
FIRST AMENDED COMPLAINT
Page 3 of 11

making deliveries for DoorDash in Newark, Ohio. After stopping at 1372 Countryside Dr, Newark, OH, Plaintiff exited the vehicle believing it was securely in the "Park" position.

10. After exiting the Subject Vehicle, Plaintiff walked to the rear and opened the vehicle's hatchback to retrieve the food Plaintiff was delivering. While doing so, Plaintiff heard a noise and walked back to the driver's side to investigate. Before she was able to enter the Subject Vehicle, it began to roll backward. The Subject Vehicle's door struck Plaintiff and subsequently ran over her. The Subject Vehicle continued rolling until it struck two other vehicles and came to a rest.

11. As a direct and proximate result of the defective gear shift mechanism, among other defects, Plaintiff suffered severe and permanent injuries including, but not limited to: scattered pneumocephalus, nondisplaced right temporal and sphenoid skull fracture, bilateral mastoid fractures, right hemotympanum, left temporal intraparenchymal hemorrhage, scalp hematoma, right shoulder abrasion, and multiple scattered abrasions and bruising.

12. Following the incident, Plaintiff required extensive medical treatment including emergency transport, trauma care, hospitalization, and ongoing rehabilitation. Plaintiff continues to suffer from post-concussive syndrome, memory and concentration issues, visual disturbances, hearing problems, balance issues, and other serious medical conditions that have prevented her from returning to work.

13. Prior to this incident, Defendant Kia had actual knowledge of the defective nature of the gear shift mechanism, among other defects, in its Kia Soul vehicles.

14. The incident was partially captured on Ring cameras.

15. Subsequent investigation by Kia's own technical analyst documented that the vehicle could roll down an incline while in the "Park" position.

16. As a result of Defendant Kia's conduct, Plaintiff has incurred substantial medical expenses

*Kimbrough v. Kia America, Inc. et al.*
FIRST AMENDED COMPLAINT
Page 4 of 11

exceeding $55,000, including emergency transport, trauma care, hospitalization, imaging studies, and ongoing rehabilitation services. These medical expenses continue to accrue as Plaintiff requires ongoing treatment.

17. Additionally, since the incident, Plaintiff's ability to operate her cleaning business or work as a DoorDash driver has been impaired, resulting in significant lost income and diminished earning capacity that will continue into the indefinite future.

18. The defective condition of the Subject Vehicle and Defendant Kia's conduct as described herein have caused Plaintiff to suffer severe physical injuries, emotional distress, loss of enjoyment of life, lost wages, medical expenses, and other damages, all of which will continue into the indefinite future.

## CAUSES OF ACTION

## COUNT I: STRICT LIABILITY - MANUFACTURING DEFECT

### (Ohio Rev. Code § 2307.74)

19. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

20. At all relevant times, Defendant Kia designed, manufactured, tested, marketed, distributed, and sold the 2017 Kia Soul vehicle that is the subject of this litigation.

21. The Subject Vehicle was defective in its manufacture when it left Defendant Kia's control in that, among other defects, its gear shift mechanism deviated in a material way from Defendant Kia's design specifications, formula, and performance standards.

22. The defective condition of the Subject Vehicle's gear shift mechanism, among other defects, allowed the vehicle to roll despite appearing to be properly placed in the "Park" position, creating an unreasonably dangerous condition.

*Kimbrook v. Kia America, Inc. et al*
FIRST AMENDED COMPLAINT
Page 5 of 11

23. The defective condition of the Subject Vehicle existed at the time it left Defendant Kia's control and reached Plaintiff without substantial change in its condition.

24. As a direct and proximate result of the manufacturing defect, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

## COUNT II: STRICT LIABILITY - DESIGN DEFECT

### (Ohio Rev. Code § 2307.75)

25. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

26. The Subject Vehicle was defective in design in that when it left Defendant Kia's control, the foreseeable risks associated with its design exceeded the benefits associated with that design.

27. The gear shift mechanism design was defective because:

    a. It failed to prevent vehicle movement when the gear shift was in the "Park" position;

    b. It lacked adequate safety mechanisms to ensure the vehicle remained stationary when in "Park";

    c. It failed to provide adequate visual or auditory warnings when the vehicle was not securely in "Park";

    d. Alternative designs were available that would have prevented unintended vehicle movement.

28. The defective design of the Subject Vehicle's gear shift mechanism, among other defects, created an unreasonable risk of harm to users and bystanders.

29. At the time the Subject Vehicle left Defendant Kia's control, there existed economically and technologically feasible alternative designs that would have prevented the type of incident that

*Kimmons v. Kia America, Inc., et al.*
FIRST AMENDED COMPLAINT
Page 6 of 11

occurred.

30. As a direct and proximate result of the design defect, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

## COUNT III: STRICT LIABILITY - FAILURE TO WARN

### (Ohio Rev. Code § 2307.76)

31. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

32. The Subject Vehicle was defective due to inadequate warning or instruction because Defendant Kia knew or should have known about the risk of unintended vehicle movement when the gear shift was in the "Park" position.

33. Defendant Kia failed to provide adequate warnings or instructions regarding:

    a. The risk of vehicle movement when the gear shift was in "Park";

    b. The need for additional safety measures to ensure the vehicle remained stationary;

    c. The proper procedure for confirming the vehicle was securely in "Park";

    d. The existence of similar incidents and a recall of similar vehicles.

34. The lack of adequate warnings rendered the Subject Vehicle unreasonably dangerous for its intended use.

35. Had Defendant Kia provided adequate warnings, Plaintiff would have been alerted to the danger and would have taken additional precautions to prevent the incident.

36. As a direct and proximate result of Defendant Kia's failure to warn, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

Kimbrook v. Kia America, Inc., et al
FIRST AMENDED COMPLAINT
Page 7 of 11

## COUNT IV: BREACH OF EXPRESS WARRANTY

### (Ohio Rev. Code § 1302.26)

37. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

38. Defendant Kia expressly warranted that the Subject Vehicle was safe, of merchantable quality, and fit for its ordinary and intended purpose.

39. Defendant Kia breached these express warranties in that the Subject Vehicle's gear shift mechanism was defective, unsafe, and unfit for its intended purpose.

40. As a direct and proximate result of Defendant Kia's breach of express warranties, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

## COUNT V: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Ohio Rev. Code § 1302.27)

41. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

42. At the time the Subject Vehicle left Defendant Kia's control, Defendant Kia impliedly warranted that it was merchantable, fit for its ordinary purpose, and would perform safely and as intended.

43. The Subject Vehicle was not merchantable or fit for its ordinary purpose because its gear shift mechanism, among other things, was defective and created an unreasonable risk of unintended vehicle movement.

44. As a direct and proximate result of Defendant Kia's breach of implied warranties, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

*Kimbrough v. Kia America, Inc. et al.*
FIRST AMENDED COMPLAINT
Page 8 of 11

## COUNT VI: VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
### (Ohio Rev. Code §§ 1345.01 to 1345.99)

45. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

46. Defendant Kia engaged in unfair, deceptive, or unconscionable acts or practices in connection with the sale of the subject vehicle to Plaintiff, and/or others who then sold the subject vehicle to Plaintiff, knowing it would end up in the hands of a second or third owner, in violation of the Ohio Consumer Sales Practices Act (CSPA), Ohio Revised Code §§ 1345.01 to 1345.99.

47. The Subject Vehicle was equipped with a defective gear shift mechanism, among other defects, that allowed the vehicle to roll despite being placed in the "Park" position, which constitutes an unfair or deceptive act under the CSPA.

48. Defendant Kia had prior knowledge of the defective nature of the gear shift mechanism, among other defects, as evidenced by similar incidents and complaints, yet failed to disclose this information to Plaintiff and/or preceding owners.

49. Defendant Kia failed to remedy the defect or provide adequate warnings to consumers, including Plaintiff, regarding the risk of unintended vehicle movement, thereby engaging in unconscionable acts or practices.

50. As a direct and proximate result of Defendant Kia's unfair, deceptive, or unconscionable acts or practices, Plaintiff suffered severe and permanent injuries when the Subject Vehicle rolled backward, striking her with the door and subsequently running her over.

51. Pursuant to Ohio Revised Code § 1345.09, Plaintiff is entitled to recover treble damages, attorneys' fees, and other remedies available under the CSPA due to Defendant Kia's willful violation of the Act.

## COUNT VII: SUBROGATION

*Kimball v. Kia America, Inc., et al.*
FIRST AMENDED COMPLAINT
Page 9 of 11

52. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

53. At all times relevant, Plaintiff maintained health insurance with Defendant Medicaid, who made medical payments on Plaintiff's behalf for her injuries alleged in this Complaint.

54. Defendant Medicaid has or may have an interest relating to the subject of this action under Ohio Revised Code § 5160.37.

55. This suit is brought, in part, to determine Medicaid's subrogation rights.

56. As such, under the Federal Declaratory Judgment Act, Plaintiff requests the Court's determine the rights and obligations of the parties.

**COUNT VIII: PUNITIVE DAMAGES**

57. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

58. Defendant Kia knew of the defective condition of its vehicles' gear shift mechanisms, among other defects, as evidenced by similar incidents and complaints.

59. Despite this knowledge, Defendant Kia consciously and deliberately failed to take reasonable steps to prevent injury to consumers, including Plaintiff.

60. Defendant Kia's conduct as described herein demonstrates malice, aggravated or egregious fraud, oppression, and/or willful and wanton misconduct pursuant to Ohio Revised Code § 2315.21.

61. Defendant Kia's conduct as described herein demonstrates misconduct of the manufacturer or supplier that manifested a flagrant disregard of the safety of persons who might be harmed by the product pursuant to Ohio Revised Code § 2307.80.

62. Defendant Kia's conscious disregard for the rights and safety of others warrants the imposition of punitive damages pursuant to Ohio Revised Codes § 2315.21 and/or § 2307.80.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Erica L. Kimmons respectfully prays for judgment against Defendant Kia America, Inc. as follows:

a.   For compensatory damages in an amount exceeding $75,000.00, the exact amount to be determined at trial, including but not limited to:

  i.   Past and future medical expenses;

  ii.   Past and future lost wages and loss of earning capacity;

  iii.   Past and future pain and suffering;

  iv.   Past and future mental anguish and emotional distress;

  v.   Past and future loss of enjoyment of life;

  vi.   Permanent physical impairment and disability;

b.   For punitive damages in an amount sufficient to punish Defendant Kia and deter similar conduct in the future;

c.   For prejudgment and post-judgment interest as allowed by law;

d.   For treble damages as permitted by law;

e.   For reasonable attorneys' fees and expenses of litigation;

f.   For all costs of this action; and

g.   For such other and further relief as this Honorable Court deems just and proper.

Further, Plaintiff Erica L. Kimmons also respectfully requests the Court to determine the rights and responsibilities of the parties as to Defendant Medicaid's subrogation interest.

Respectfully submitted,

OLIVER LAW OFFICE


/s/ Brian R. Noethlich
Jami S. Oliver (0061738)
Brian R. Noethlich (0086933)
7240 Muirfield Drive, Suite 120
Dublin, OH  43017
Telephone: (614) 220-9100
Facsimile: (866) 318-4580
joliver@oliverattorneys.com
brian@oliverattorneys.com
*Trial Attorneys for Plaintiff Kimmons*



## JURY DEMAND

Plaintiff hereby demands a trial by a jury on all claims properly triable by a jury.

OLIVER LAW OFFICE

/s/ Brian R. Noethlich
Brian R. Noethlich (0086933)
*Trial Attorney for Plaintiff Kimmons*